UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE LEWIS,

    Plaintiff,

v.                                                           Case No. 3:21cv679-MCR-HTC

WARDEN of the PENSACOLA
FEDERAL PRISON CAMP,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Lewis, a federal prisoner at Pensacola FPC proceeding *pro se*, initiated this case by filing a handwritten document entitled "Original Petition" in the District Court of the District of Columbia, along with an emergency motion for injunctive relief and a motion to proceed *in forma pauperis*, which was docketed as an action under 42 U.S.C. § 1983. ECF Docs. 1, 2, and 3. The District of Columbia court transferred the case to this District on April 20, 2021, and the matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B) and (C).

Upon consideration, the undersigned recommends the case be dismissed without prejudice. Namely, Plaintiff has failed to comply with orders of the Court

or prosecute this case, and Plaintiff's requests for relief should be presented to the Middle District of Florida.

## I. BACKGROUND

Plaintiff is a federal prisoner at the Pensacola Federal Prison Camp ("Pensacola FPC"), serving a 72-month sentence imposed in 2019 in the Middle District of Florida for conspiracy to distribute fentanyl, in violation of 21 U.S.C. § 846. *See* Judgment and Sentence, *United States v. Lewis*, 3:18-cr-00105-BJD-JRK, ECF Doc. 74 at 1 (M.D. Fla. May 31, 2019). Plaintiff filed the instant action initially against the Bureau of Prisons ("BOP") in the United States District Court for the District of Columbia,[1] asking the court to order the BOP to determine that his current health condition, in light of the Covid-19 crisis, constitutes "extraordinary and compelling reasons" warranting a sentence reduction under 18 U.S.C. § 3582. Plaintiff also filed a "Motion for Emergency Relief (Injunctive)", seeking the same relief as the underlying action, but asserting that the matter was emergent because of the Covid-19 pandemic. ECF Doc. 3.

The District of Columbia court transferred the case to this district, noting that Plaintiff appeared to be bringing an action under the Administrative Procedures Act complaining that, under applicable regulations, it is the Warden of Pensacola FPC who first failed to act on Plaintiff's request for compassionate release. ECF Doc. 4

---

[1] Case No. 1:21-cv-00415 (D. D.C.).

Case No. 3:21cv679-MCR-HTC

at 1; *see* 28 C.F.R. § 571.61 (a request for relief pursuant to Section 3582(c) shall be submitted in writing by a federal prisoner directly to their warden, who then formally transmits the request to the BOP Director).

Upon receiving the case, the Court expedited consideration due to the emergent allegations in the complaint and the emergency motion for injunctive relief. On April 27, 2021, this Court ordered Plaintiff, by May 18, 2021, to file an amended complaint on this Court's forms and to either pay the filing fee or to submit an application to proceed *in forma pauperis*. ECF Doc. 7. Plaintiff filed a motion to proceed *in forma pauperis*, which the Court granted on May 13, 2021, ECF Doc. 9, and filed an amended complaint by delivering it to prison mail officials on May 11, 2021. ECF Doc. 10 at 7.

On May 21, 2021, the Court directed Plaintiff to provide three (3) service copies of the amended complaint, or payment to the clerk for making the copies, by June 21, 2021. ECF Doc. 11. That order was returned undeliverable and "unable to forward" by Pensacola FPC, and Plaintiff did not provide the Court with his new address. ECF Doc. 14. Plaintiff did not comply with the Court's order and continued to fail to do so after the Court issued a show cause order. ECF Doc. 15. The show cause order was not returned undeliverable.

Case 3:21-cv-00679-MCR-HTC   Document 16   Filed 07/28/21   Page 4 of 8

Page 4 of 8

## II.  FAILURE TO FOLLOW ORDERS OF THE COURT

As an initial matter, this matter should be dismissed for failure to comply with an order of the Court – namely, failure to respond to the order to show cause or provide the requisite service copies to the Court.

A district court may dismiss a Plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a Plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

A *sua sponte* dismissal is particularly appropriate in this action because Plaintiff has been given multiple opportunities to comply, was advised his failure to

comply could result in a dismissal, and this report and recommendation will serve as "fair notice" to the Plaintiff. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

### III. REQUEST FOR COMPASSIONATE RELEASE

Additionally, after a further review of the amended complaint and the motion for injunctive relief, the undersigned finds that dismissal is further necessary because the relief requested by Plaintiff should be made to the convicting court—the Middle District of Florida—rather than this Court.

As stated above, the crux of Plaintiff's amended complaint is to be released under 18 U.S.C. § 3582. Section 3582, as amended by the First Step Act, allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In other words, if the Warden

does not respond within thirty (30) days, the prisoner can proceed to the district of conviction and move for a compassionate release under 18 U.S.C. § 3582.

Likewise, another part of Plaintiff's motion for emergency injunctive relief (ECF Doc. 3) should be brought in the Middle District. In that motion, Plaintiff also seeks immediate release, arguing that he was not convicted of an "offense against the United States" and so the BOP lacks the authority to detain him. *See id.* (citing 18 U.S.C. § 4402). Plaintiff's argument is nonsensical and devoid of any legal support. Regardless, as a federal prisoner, Lewis's claim that he is being illegally detained, which contests the validity of his underlying sentence of detention, cannot be brought in a civil rights action, or even a 28 U.S.C. § 2241 petition.

Instead, it must be brought in a motion under 28 U.S.C. § 2255[2] and must be brought in the court of conviction. "Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241." *Kishchenko v. United States*, No. 2:19-CV-1087-MHT-SMD, 2020 WL 3866666, at

---

[2] Section 2255(e) bars a federal court from entertaining an application for a writ of habeas corpus by a prisoner who could apply for relief by motion under § 2255(a). That subsection allows a prisoner "in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" to file a motion in the court that imposed the sentence.

Case No. 3:21cv679-MCR-HTC

*2 (M.D. Ala. June 12, 2020), *report and recommendation adopted*, No. 2:19CV1087-MHT, 2020 WL 3833008 (M.D. Ala. July 8, 2020) (quoting *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017)).  Also, because Lewis is imprisoned pursuant to a judgment entered in the Middle District of Florida, jurisdiction to consider the § 2255 motion lies only in the Middle District of Florida as the district of conviction.  *See* 28 U.S.C. § 2255(e) (habeas petition "shall not be entertained" if defendant has failed to apply for relief by motion under § 2255 "to the court which sentenced him").

## IV.  CONCLUSION

For the reasons set forth above, it is respectfully RECOMMENDED that:

1. The case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of his address.

2. All pending motions be terminated.

3. The clerk be directed to close the file.

Done in Pensacola, Florida, this 28th day of July, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.